IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTRELL PLUMMER, #B14235, | |
| Plaintiff, | Case No. 20-cv-01247-SPM |
| v. | |
| JAMES BELFORD, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendant Mac-Shane Frank. (Doc. 27). Plaintiff Contrell Plummer filed a response in opposition. (Doc. 30).

### BACKGROUND

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Complaint, Plaintiff alleges that on six different occasions, he was subjected to unconstitutional group strip searches in the healthcare unit of Pinckneyville. The searches occurred in 2018 on February 6, March 4, June 13, September 18, September 25, and October 30. Following review of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with the following claims:

> Count 1: Fourth Amendment claim against Belford, Staszak, Frank, and Tomshack for conducting unreasonable searches in the healthcare unit in 2018.
>
> Count 2: Eighth Amendment cruel and unusual punishment claim against Belford, Staszak, Frank, and Tomshack for subjecting Plummer to stirp searches in the healthcare unit in 2018.

Page 1 of 5

(Doc. 11). Relevant to the motion for summary judgment currently before the Court are Plaintiff's allegations against Defendant Mac-Shane Frank. In the Complaint, Plaintiff claims that Frank was notified about the unlawful strip searches by Plaintiff's grievances and "turned a blind eye." (Doc. 1, p. 11). He further asserts that after the October 30 search, a PREA complaint was filed against Defendant Belford by other inmates, and Frank conducted the investigation. (*Id.* at p. 7).

On November 22, 2022, Defendant Frank filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative claims prior to initiating this lawsuit. (Doc. 27, 28). Defendant Frank identifies two grievances filed by Plaintiff relating to his claims in this suit. The grievances are dated July 10, 2018, and November 30, 2018. Frank does not assert that the grievances were not filed according to IDOC procedure. He only argues that Plaintiff did not include any allegations against him in either grievance. Because the grievances fail to alert prison officials to Frank's alleged misconduct, Plaintiff did not meet the requirements of the Prison Reform Litigation Act, 42 U.S.C. §1997e(a), and exhaust his administrative remedies as to Frank prior to initiating this suit. Defendant Frank seeks summary judgment in his favor.

In the response in opposition, Plaintiff argues that even though he did not name Frank in his grievances, the grievances gave prison administrators, specifically Defendant Frank, a fair opportunity to address his concerns about being unlawfully strip searched. (Doc. 30, p. 2). He asserts that the PREA complaint, his November 30 grievance, and a letter written to Frank following the October 30 search all demonstrate that Frank was aware of the situation and could have taken corrective action. Because grievances are "intended to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit," his grievances were sufficient to exhaust his claims. (Doc. 30, p. 8) (citing *Jones v. Bock*, 549 U.S. 199, 2018 (2007)). Thus, he believes the motion for summary judgment should be denied.

LEGAL STANDARDS

I. **Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

II. **Exhaustion of Administrative Remedies**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The grievance procedure for IDOC inmates is laid out in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. If the inmate's grievance does not involve an emergency, the inmate must first file a grievance with the counselor within 60 days of the discovery of an incident. *Id.* at § 504.810(a). The grievance form must contain factual details regarding what happened, when, where, and the name of each person who involved in the complaint. *Id.* at 504.810(c). When the name of an individual is unknown, the inmate must include as much descriptive information about the person as possible. *Id.*

Grievances that are unable to be resolved through the counselor are then sent to the grievance officer. *Id.* at § 504.820(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." *Id.* at § 504.830(e). The chief administrative officer ("CAO") then reviews the findings and recommendation of the grievance officer and advises the offender of his or her decision in writing. *Id.* If the inmate is not satisfied with the response from the CAO, he can file an appeal the decision to the Administrative Review Board ("ARB"). *Id.* at § 504.850(a).

## ANALYSIS

It is not disputed the both the July 10 and the November 30 grievances were filed according to IDOC procedures, properly appealed, and decided on the merits.[1] The issue is whether they contain enough detail to exhaust Plaintiff's claims against Defendant Frank.

The Court finds that neither grievance served to exhaust the claims against Frank, as Plaintiff did not mention Frank nor any administrative decision, conduct, or failure to act that could be attributed to Frank. *See Waldrop v. Wexford Health Sources, Inc.,* 646 F. App'x 486, 490 (7th Cir. 2016) (citing *Turley v. Rednour,* 729 F. 3d 645, 650 (7th Cir. 2013)). Both grievances only complain about the conduct of correctional officers and the manner in which they conducted the strip searches in the health care unit. Frank did not review the grievances or have any role in processing the grievances. Because the grievances do not provide information to infer that Frank was the target of the complaint or implicate him in any wrongdoing, Plaintiff failed to exhaust his claims against Frank. *See Roberts v. Neal,* 745 F. 3d 232, 234 (7th Cir. 2014).

Furthermore, to the extent Plaintiff is arguing that the letter written to Frank and the PREA

---

[1] The Court notes that the grievance dated July 10 was not properly submitted to the grievance officer and denied by the ARB for not providing all the required information, but this argument is not raised by Frank. (*See* Doc. 28-3, p. 8-11).

complaint served to exhaust his remedies, this argument is not well taken. IDOC procedures are clear that inmates must use the grievance form provided by a correctional facility. *See* 20 ILL. ADMIN CODE § 504.810; *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002) (an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require"). The letter written by Plaintiff and the PREA complaint do not take the place of following an institution's grievance procedures, and Plaintiff did not meet exhaustion requirements by sending alternate communications.

Accordingly, Defendant Frank is entitled to summary judgment and shall be dismissed without prejudice as a defendant in this case.

### DISPOSITION

For the reasons stated above, the Motion for Summary Judgment is **GRANTED.** (Doc. 27). The claims against Defendant Frank are **DISMISSED without prejudice** for Plaintiff's failure to exhaust. This case shall proceed on Counts 1 and 2 against Defendants Belford, Staszak, Tomshack, and Mitchell (official capacity only).

The stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

**DATED:   August 29, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**